UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-00547-JD-2 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE COMPASSIONATE RELEASE** |
| MANUEL GONZALEZ CHAVEZ, | Re: Dkt. No. 588 |
| Defendant. | |

Defendant Manuel Gonzalez Chavez pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine, heroin and methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(C)(i).  In December 2018, he was sentenced to one year of custody for the conspiracy and possession count, and a mandatory minimum term of 25 years in custody for the firearm possession count, to be served consecutively. Dkt. No. 539.

Chavez filed a pro se request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Section 3582(c)(1)(A)) and Section 403 of the First Step Act (FSA), Pub. L. 114-391, 132 Stat. 5194 (Dec. 21, 2018), which amended 18 U.S.C. § 924(c) (Section 924(c)).  Dkt. No. 588.  The Court appointed counsel for the motion.  Dkt. No. 589.  After reviewing the case, counsel filed a confidential statement and elected not to proceed on Chavez's behalf.  Dkt. No. 602 (sealed).

The FSA request is denied.  The salient conviction here was the second for Chavez under Section 924(c).  The FSA reduced the mandatory minimum sentence for a second conviction only if the offense took place before the conviction for the first offense became final.  *See* 18 U.S.C. § 924(c)(1)(C) (imposing 25-year minimum sentence for violation "that occurs after a prior

conviction under [Section 924(c)] has become final"); *United States v. Voris*, 964 F.3d 864, 873 (9th Cir. 2020) (explaining changes made by FSA). Chavez's first conviction for violating Section 924(c) was in August 2008. *See* Dkt. No. 528 ¶ 63; *United States v. Rodriguez*, No. 2:06-CR-00282 JAM, at Dkt. No. 55 (E.D. Cal. Aug. 7, 2008) (judgment). There is no indication that the conviction was appealed within the fourteen days allowed by Federal Rule of Appellate Procedure 4(b), so the first conviction became final in 2008. *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (conviction is final when time to appeal lapses).

Chavez's second conviction under Section 924(c) was for conduct in 2013 to 2015, which was after his first conviction became final. *See* Dkt. No. 528 ¶¶ 20, 38; Dkt. No. 334 at ECF p. 4 (count two of superseding information). Consequently, the FSA did not change the 25-year mandatory minimum sentence he qualified for.

The Section 3582(c)(1)(A) request is based almost entirely on the same FSA issue, and so it is denied. The only other factors Chavez says support this request are the length of his sentence and the fact that he is 41 years old, which are not valid grounds for "the extraordinary relief of compassionate release." *United States v. Andrade*, No. 15-CR-00547-JD-4, 2020 WL 3869106, at *1 (N.D. Cal. July 9, 2020).

**IT IS SO ORDERED.**

Dated: November 13, 2020

JAMES DONATO
United States District Judge